**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Stephen T. Souders,            )
                               )
             Plaintiff,      ) Case No. 1:15-CV-429
                               )
     vs.                      )
                               )
Mount St. Joseph University,   )
                               )
             Defendant.     )

O R D E R

This matter is before the Court on Defendant Mount St. Joseph University's motion to dismiss (Doc. No. 8), Plaintiff Stephen T. Souders' motion for default judgment (Doc. No. 10), and Magistrate Judge Litkovitz's Report and Recommendation (Doc. No. 15).  In her report, Judge Litkovitz recommended that Defendant's motion to dismiss be granted as to all of Plaintiff's claims, that Plaintiff's motion for default judgment be denied, and that Plaintiff be denied leave to appeal in forma pauperis.  Plaintiff filed timely objections to Judge's Litkovitz's Report and Recommendation which are now ready for disposition.  For the reasons that follow, Plaintiff's objections are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  Defendant's motion to dismiss is well-taken and is **GRANTED**; Plaintiff's motion for default judgment is not well-taken and is **DENIED.**

Proceeding pro se, Plaintiff Stephen T. Souders filed a complaint against Defendant Mount St. Joseph University alleging a number of federal and state causes of action after he was fired from his job as a campus police officer.  Defendant filed a motion to dismiss

the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff then filed a motion for default judgment which argued that Defendant violated the local rules of civil procedure when it obtained an extension of time from Judge Litkovitz to answer or otherwise respond to the complaint. Judge Litkovitz issued a comprehensive 36-page report which, on de novo review by the Court, Fed. R. Civ. P. 72(b), correctly resolved the issues presented in the parties' respective motions. Replicating Judge Litkovitz's detailed analysis in another written decision would be a waste of judicial resources. The Court will, however, address and emphasize the following points:

1. Judge Litkovitz correctly concluded that the Clery Act, 20 U.S.C. § 1092, which, among other things, requires colleges and universities to report crime statistics to the Department of Education, does not provide a private cause of action to individuals against schools for violations of the act. See 20 U.S.C. § 1092(f)(14)(A)(i)("Nothing in this subsection may be construed to . . . create a cause of action against any institution of higher education or any employee of such an institution for any civil liability[.]"). Plaintiff is correct that the Clery Act prohibits universities from retaliating against whistleblowers, as he claims. See 20 U.S.C. § 1092(f)(17)("No officer, employee, or agent of an institution participating in any program under this subchapter and part C of subchapter I of chapter 34 of title 42 shall retaliate, intimidate, threaten, coerce, or otherwise discriminate against any individual for exercising their rights or responsibilities under any provision of this subsection."). However, unlike other federal whistleblower protection statutes, such as the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, the Clery Act does not include a detailed scheme for whistleblowers seeking relief from retaliation nor does it provide an exception to the general prohibition against private causes of action. Congress certainly knows how to provide whistleblowers with a private

2

cause of action when it wants to.  The fact that Congress did not specifically provide one in the Clery Act and, indeed, explicitly prohibited private actions, shows that Plaintiff is not entitled to relief on his Clery Act claim.  Michigan Corr. Org. v. Michigan Dept. of Corr., 774 F.3d 895, 903 (6th Cir. 2014)("[W]hen a statute contains an enforcement mechanism but does not expressly provide a private remedy, Congress did not mean to permit private enforcement of the statute.").  Similarly, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232, does not provide a private cause of action to remedy violations.  Bevington v. Ohio Univ., 93 Fed. Appx. 748, 750 (6th Cir. 2004).

2. Plaintiff's constitutional claims under 42 U.S.C. § 1983 fail because he was employed by a private actor.  The fact that Plaintiff was providing a public service in his employment as a campus police officer does not transform the University's decision to terminate him into state action for purposes of § 1983.  Bell v. Management & Training Corp., 122 Fed. Appx. 219, 222-23 (6th Cir. 2005).

3. Plaintiff's federal employment discrimination and retaliation claims fail because the complaint fails to allege facts showing that the University discriminated against him because of his membership in a protected class or that he engaged in activity that is protected by the discrimination statutes.  Additionally, Plaintiff failed to submit a discrimination and retaliation complaint with the EEOC, a mandatory prerequisite to filing a Title VII suit in federal court.  Page v. Metropolitan Sewer Dist. of Louisville & Jefferson County, 84 Fed. Appx. 583, 585 (6th Cir. 2003).

4. Judge Litkovitz's disposition of Plaintiff's state law claims was correct.

3

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's objections to Magistrate Judge Litkovitz's Report and Recommendation are not well-taken and are **OVERRULED**.

2. The Court **ADOPTS** the Report and Recommendation.

3. Plaintiff's motion for default judgment (Doc No. 10) is not well-taken and is **DENIED.**

4. Defendant's motion to dismiss (Doc. No. 8) is well-taken and is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE.**

5. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Plaintiff leave to appeal this order in forma pauperis. See Fed. R. App. P. 24(a); Callihan v. Schneider, 178 F.3d 800, 803 (6th Cir. 1999). Plaintiff remains free to apply to the Court of Appeals for permission to proceed in forma pauperis.


Date May 20, 2016          s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                              Senior United States District Judge